**Cedric GREENE, Plaintiff-Appellant,**

v.

**TENNESSEE BOARD OF JUDICIAL CONDUCT, Defendant-Appellee.**

No. 17-4056

United States Court of Appeals, Tenth Circuit.

Filed July 26, 2017

(D.C. No. 2:17-CV-00175-BSJ) (D. Utah)

Cedric Greene, Pro Se

Before LUCERO, BALDOCK, and MORITZ, Circuit Judges.

### ORDER AND JUDGMENT *

Carlos F. Lucero Circuit Judge

Cedric Greene, proceeding pro se, appeals the district court's dismissal of his complaint against the Tennessee Board of Judicial Conduct ("the Board"). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

In February 2017, Greene filed a complaint with the Board against a state court judge who had previously dismissed

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Greene's civil lawsuit. Greene then sued the Board in U.S. District Court for the District of Utah, challenging its decision. The district court appropriately dismissed for lack of subject matter jurisdiction. Greene does not argue that diversity jurisdiction exists under 28 U.S.C. § 1332(a). His only asserted basis for federal question jurisdiction is 18 U.S.C. § 1001, which is a criminal statute that does not confer jurisdiction in this civil lawsuit. See 28 U.S.C. § 1331; Clements v. Chapman, 189 Fed.Appx. 688, 690, 692 (10th Cir. 2006) (unpublished) (section 1001 does not provide for private cause of action).

**AFFIRMED.**